IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | |
| BRANDON BALDWIN | ) | 1:17-cr-00276-ELR-JFK |

## MOTION TO DISMISS SUPERSEDING INDICTMENT BASED ON INSUFFICIENT INDICTMENT AND INSUFFICIENT FEDERAL JURISDICTIONAL NEXUS

COMES NOW Defendant, Brandon Baldwin, by and through undersigned counsel, and moves this Court to dismiss the superseding indictment in this action, as it is insufficient under the Fifth and Sixth Amendment. The superseding indictment contains multiple fatal errors, any one of which requires its dismissal. The government is clearly trying to force the proverbial square peg into the round hole - in doing that, the government has cut off the corners, making the remaining allegations insufficient and incomplete. In support of this motion, Mr. Baldwin shows the following:

## FACTS

Most of the facts of the case will hardly be in dispute. In the light most favorable to the government (but not conceding that the evidence at trial will bear out the government's best case), the facts are as follows:

On June 11, 2014, the next-door neighbor saw what he thought was a shoe

box in the bushes at 1459 Adele Ave.  He removed the box from the bushes and put it on the ground without incident.  He did not call the police or report it as a bomb.

On June 12, 2014, a real estate broker was at 1459 Adele Ave and saw the box on the driveway.  He called 911.  During the call he told the operator that there was a package by the house that was "taped together and flashing." He went on to say that he didn't "know if it's a bomb or what" and that it was "hooked up to a wire with a cell phone on it."  He went on to say "I don't know what it is."

The bomb squad responded and destroyed the object. When evacuating the neiborhood, the neighbor advised the officers that he had move the gadget.  The government expert provided an expert opinion in January 2016 later that the gadget was not a destructive device.  Fingerprints found on parts of the gadget were determined to belong to Mr. Baldwin in January 2016.

Mr. Baldwin was interviewed by the FBI.  He allegedly told the FBI that he built the gadget to send a remote controlled car carrying fireworks to set them off. However, the gadget did not work, so he removed the fireworks and manually set them off. He then dumped the gadget and cell phone in some bushes at 1459 Adele Avenu, where he used to live and where he was parked, visting his friend and former next-door-neighbor.

## THE Superseding INDICTMENT
## AND STATUTES AT ISSUE

Mr. Baldwin is charged in a one count superseding indictment, as follows:

On or about June 12, 2015, in the Northern District of Georgia, the defendant, BRANDON JERALD BALDWIN, did intentionally convey false and misleading information under circumstances where such information may reasonably have been believed, that would constitute a violation of Title 18, United States, §844(h), specifically, the defendant placed a hoax bomb near a Metro-Atlanta residence; the destructive device, if it had been real, would have been received and possessed by defendant BALDWIN who was not registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, §5861 (d); and after having been previously convicted of a felony offense punishable by a term of imprisonment of more than one year, in violation of Title 18, United States Code, §922(g); all in violation of Title 18, United States Code, §1038 (a).

Title 18 U.S.C. §1038(a), in pertinent part, provides:

(a) Criminal violation.--

(1) In general.--Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter . . . 40 [18 U.S.C. §844 is in Chapter 40] . . ., shall–

(A) be fined under this title or

imprisoned not more than 5
years, or both[.]

Title 18 U.S.C. § 844(h), in pertinent part, provides:

(h) Whoever–

(1) uses fire or an explosive to commit any
felony which may be prosecuted in a court of
the United States, or

(2) carries an explosive during the
commission of any felony which may be
prosecuted in a court of the United States,

including a felony which provides for an enhanced
punishment if committed by the use of a deadly or
dangerous weapon or device shall, in addition to the
punishment provided for such felony, be sentenced to
imprisonment for 10 years. . . .

Title 26 U.S.C. 5861(d), in pertinent part, provides:

It shall be unlawful for any person--

(d) to receive or possess a firearm[1] which is

------------------------------------------------

[1]For purposes of Title 26, Chapter 23, the term "firearm," as pertinent to this
indictment, is defined in 26 U.S.C. 5845, as follows:

(a) Firearm.--The term "firearm" means . . . (8) a destructive device. .
. [and]

(f) Destructive device.--The term "destructive device" means (1) any
explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C)
rocket having a propellent charge of more than four ounces, (D)
missile having an explosive or incendiary charge of more than

4

not registered to him in the National
Firearms Registration and Transfer Record[.]

Finally, Title 18 U.S.C. 922(g), in pertinent part, provides:

> (g) It shall be unlawful for any person--
>
>> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport in interstate or foreign commerce, or

---

one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of title 10 of the United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

possess in or affecting commerce, any firearm[2] or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## FAILINGS OF THE Superseding INDICTMENT

The following failings are fatal to a valid indictment in this case:

1.     Failure to specify and allege what "information" was "conveyed," to whom "information" was "conveyed," and how "information" was "conveyed;"

2.     Failure to charge an essential element of §1038, that being: "and where such information indicates that an activity has taken, is taking, or will take place" that would constitute an enumerated violation;

3.     Failure to specify which subpart of 18 U.S.C. §844(h) might have been reasonably believed to have been violated based on what "activity" was "indicate[d]" by the conveyed information - use or carry: (1) **uses** fire or explosive to commit an underlying felony or (2) **carries** an explosive during the underlying felony;

4.     Failure to allege which object of 18 U.S.C. §844(h) might have been reasonably believed to have been violated based on what "activity" was "indicate[d]" by the conveyed information -

--------

[2]The definition of "firearm" under 18 U.S.C. §921(a)(3) includes "any destructive device."  In an unpublished opinion, the Eleventh Circuit has recognized that the definition of "destructive device" in 18 U.S.C. §921(a)(4) is "identical" to the definition in 26 U.S.C. §5845. *United States v. Kelly*, 545 Fed.Appx. 951(11th Cir. 2013)

"fire" or "explosive"[3];

[3]The superseding indictment uses the terms "hoax bomb" and "destructive device, had it been real" neither of which are coterminous with the essential elements of §844(h), and "bomb" is more narrow than "destructive device." Neither the term "fire" nor the term "explosive" appears in the indictment. "Destructive device" is not defined for purposes of Chapter 40, but it is defined in Chapter 44 of title 18 and in Chapter 53 of Title 26, as set forth in Footnotes 1 and 2. Those definitions specifically exclude a device which is not designed or redesigned for use as a weopon.

An "explosive" is defined in 18 U.S.C §844(j), which provides:

For the purposes of subsections (d), (e), (f), (g), (h), and (i) of this section and section 842(p), the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion

Title 18 U.S.C. §232(5) provides:

The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

5.     Resting the federal jurisdictional underlying felony (either 26 U.S.C. §5861(d) or 18 U.S.C. §922(g)) required by either prong of §844(h) on a hypothetical and false premise ("the destructive device, if it had been real");

6.     With respect to the hypothetical and false jurisdictional assertion of "the destructive device, if it had been real" "would have been received and possessed by defendant BALDWIN who was not registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, §5861(d)," there is no allegation that in June 2015, the "reasonable believer" had any "information" that "indicates" or even suggested that the non-destructive device was possessed or received by Mr. Baldwin or was not registered in the National Firearms Registry;

7.     With respect to the hypothetical and false jurisdictional assertion of "the destructive device, if it had been real" "after having been previously convicted of a felony offense punishable by a term of imprisonment of more than one year, in violation of Title 18, United States Code, §922(g)" there is no allegation that the "reasonable believer" had any "information" that "indicates" or even suggested that the non-destructive device was possessed or received by Mr. Baldwin, that Mr. Baldwin was a prohibited person, or that the non-destructive device moved in interstate commerce, all necessary to a violation of the law.  This part of the indictment should be stricken as it is particularly prejudicial to Mr. Baldwin;

8.     Congress did not intend a possessory status offense, such as the two mentioned in the superseding indictment (§5861(d) and §922(g)), cannot be the underlying felony in a §844(h) prosecution, because possession is categorically broader than "use" or "carry."  Under the government's theory (as guessed at by the defense), a defendant can always be charged with a 10 year mandatory minimum under §844(h) if, while being a felon in possession of a firearm, he uses or carries a firearm.  In

addition, the 10 year mandatory minimum charge is always available to the government if a defendant possessed an unregistered Title 26 "firearm;" and

9. The manufactured federal jurisdiction through the artifice of "the destructive device, if it had been real" does not support a federal claim for what is essentially a state littering case.

## ARGUMENT AND CITATION OF AUTHORITIES

The Sixth Amendment commands that the accused in a criminal prosecution "be informed of the nature and cause of the accusation." "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI; *United States v. Stefan*, 784 F.2d 1093 (11th Cir. 1986). The Fifth Amendment Due Process clause likewise requires this notice. Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides: "The indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. ¶ 7(c)(1). An indictment is legally sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Jordan,* 582 F.3d 1239, 1245 (11th Cir. 2009); *see also United*

*States v. Fern*, 155 F.3d 1318 (11th Cir. 1998). The test is "whether [the indictment] conforms to minimal constitutional standards." *United States v. Poirier*, 645 F.2d 453, 456 (11th Cir. 2003).

An indictment that follows the language of the statute is insufficient if it fails to "apprise the defendant with reasonable certainty" of the charged offense. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). If an indictment tracks the language of the criminal statute, it must include enough facts and circumstances to inform the defendant of the specific offense being charged. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges." *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978).

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure allows a defendant to file a motion alleging a defect in the indictment, including lack of specificity and the failure to state an offense. Fed. R. Crim. ¶ 12(b)(3)(B)(iii) and (v). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *Sharpe*, 438 F.3d at 1263. In assessing whether an indictment meets minimal constitutional standards, its allegations are to be accepted as true and "viewed in the light most favorable to the government." *Id.*

Courts are to "give the indictment a common sense construction" and determine its validity based on "practical, not technical considerations." *United States v. McGarity,* 669 F.3d 1218, 1235 (11th Cir. 2012); *United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984). The Court is not permitted to review the sufficiency of the evidence that will be offered in support of an indictment's allegations, for "[t]here is no summary judgment procedure in criminal cases." *United States v. Critzer,* 951 F.2d 306, 307 (11th Cir. 1992); *United States v. Salman,* 378 F.3d 1266, 1267-68 (11th Cir. 2004) (a district court may not dismiss an indictment prior to trial on the ground of insufficient evidence); *Sharpe*, 438 F.3d at 1263 (Courts "may not dismiss an indictment ... on a determination of facts that should have been developed at trial."). Mr. Baldwin is not requesting a review of whether the government can prove its charges - that is for a jury. He is alleging that the indictment is not specific enough and fails to appropriately charge a federal crime. Indeed, as alleged, there is no federal nexus whatsoever.

The indictment must contain sufficient detail to adequately apprise the defendant of the nature of the charges against him. The drafter must afford the defendant not only a document that contains all of the elements of the offense, whether or not such elements appear in the statute, but one that is sufficiently descriptive to permit the defendant to prepare a defense, and to invoke the double

jeopardy provision of the Fifth Amendment, if appropriate. *Hamling v. United States*, 418 U.S. 87, 117, *reh'd denied,* 419 U.S. 885 (1974); *Russell v. United States*, 369 U.S. 749, 763-72 (1962); *United States v. Hernandez*, 891 F.2d 521, 525 (5th Cir. 1989), *cert. denied*, 495 U.S. 909 (1990).

In reviewing the sufficiency of an indictment, the courts will construe the document as a whole to ascertain whether the foregoing requirements have been met. *United States v. Hand*, 497 F.2d 929, 934-35 (5th Cir. 1974), cert. denied, 424 U.S. 953 (1976); *Moore's Federal Practice*, Section 7.04 (1982). What is required are factual allegations rather than a mere recitation of the acts or practices proscribed by the offense allegedly committed. *See, e.g., United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976) (an indictment charging theft of money by false pretenses which listed name of victim, date of false representation, loss to victim and date money was paid to defendant was fatally defective, because it did not specify the false representation that induced victims to pay money).

An indictment need only allege the essential facts, that is the facts and elements of the alleged offense necessary to inform the accused of the charge so that the defendant may prepare a defense and invoke the Double Jeopardy Clause when appropriate. The indictment must also allege the federal jurisdictional nexus. *United States v. Lopez,* 2 F.3d 1342, 1368 (5th Cir. 1993), aff'd, 115 S.Ct. 1624

(1995)(indictment charging possession of firearm in school zone insufficient because of failure to allege commerce nexus where such connection is necessary element of defense).  The true test of an indictment is not whether it might possibly be made more certain but whether it contains:

> [E]very element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Cochran v. United States*, 157 U.S. 286, 290 (1895). See also *United States v. Covino*, 837 F.2d 65, 71 (2d Cir. 1988)(indictment charging wire fraud insufficient because it failed to allege essential element of offense that defendant defrauded employer of money or property); *United States v. Frankel*, 721 F.2d 917, 917-19 (3d Cir. 1983)(indictment charging false statement insufficient because presentation of worthless check did not constitute false statement).

Finally, the underlying charge in this case, a violation of 18 U.S.C. §844(h), requires that a person use fire or an explosive to commit a federal felony - it seems tortured to say that someone "uses" a destructive device "to commit" the felony of possessing the destructive device, and deserves an enhancement to the possession of an unregistered device of a ten year mandatory minimum.  It is even more

tortured to say that someone "carries" an explosive "during the commission" of

being a felon-in-possession of the device, requiring a court to impose an additional

ten year mandatory minimum sentence to the sentence for being a felon in

possession of the device.

## RULE OF LENITY

When a statute is ambiguous, the court must apply the rule of lenity. The

rule is a canon of statutory construction that requires that "ambiguity in a statute

defining a crime or imposing a penalty should be resolved in the defendant's

favor."[4] The late Justice Scalia and Bryan Garner offered a rule-of-lenity call to

arms: "The rule . . . is often overlooked when it ought to apply" and "it might fairly

be said that the rule of lenity is underused in modern judicial decision-making --

perhaps the consequence of zeal to smite the wicked."[5] "The defendant has almost

always done a bad thing, and the instinct to punish the wrongdoer is a strong one.

But a fair system of laws requires precision in the definitions of offenses and

---

[4] ANTONIN SCALIA & BRYAN A. GARNER, READING LAW at 296 (Thomson/West 2012). Where there exist two rational readings of a criminal statute, one harsher than the other, the rule of lenity dictates that we are to choose the harsher one only when Congress has spoken "in language that is clear and definite. *United States v. Bass,* 404 U.S. 336, 347 (1971).

[5] SCALIA & GARNER at 300-301.

punishments."[6]

How shall a court apply the rule?  Justice Scalia and Garner proposed this prescription: "[W]hether, after all the legitimate tools of interpretation have been applied, 'a reasonable doubt persists.'"[7]  The pair labeled this a "more-defendant friendly" standard than others, but no matter: "We prefer [this definition] because we believe that when the government means to punish, its commands must be reasonably clear.  When they are not, the consequences should be visited on the party more able to avoid and correct the effects of shoddy legislative drafting—namely, the federal Department of Justice."[8]

The rule of lenity applies when a serious ambiguity exists in a criminal statute.  *United States v. Castleman*, 134 S. Ct. 1405, 1416 (2014)( " '[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.' " (*quoting Barber v. Thomas*, 560 U.S. 474, 488 (2010))); *see also United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003)("The rule of lenity applies if a statute—in this instance, a sentencing

---

[6]Id. at 301.

[7]Id. at 299.

[8]Id.

guideline—is ambiguous.").

At the least, whether Congress intended §844(h) to be used to add a ten year mandatory minimum sentence to the possession of an unregistered destructive device or its possession by a felon - two simple possessory offenses, rather than an active use of carrying as with a bank robbery - is ambiguous. In this situation, the rule of lenity would require the dismissal of the indictment.

## CONCLUSION

Here, essential elements of the charge and underlying charges are wholly omitted from the superseding indictment. Moreover, any fact or element that would support a federal jurisdictional nexus is questionable. The only attempt the government even makes to support a federal jurisdictional nexus is the hypothetical "the destructive device, if it had been real" language, which is wholly insufficient. If the government alleged the item was really a destructive device, that would be a question for a jury. But here, the government is not alleging there is a real destructive device - they are alleging that it would have been reasonable is someone thought the item was a destructive device, and if that person's suspicion was correct, then that person could have thought that Mr. Baldwin "used" or "carried" the item in violation of law because they might have thought is was not registered or might have thought Mr. Baldwin possessed it at some time and was a convicted

felon and it moved in interstate commerce. The superseding indictment does not state a federal claim.

**WHEREFORE,** Defendant requests that this Court grant his Motion to Dismiss Indictment.

Respectfully submitted,

_s/ Mildred Geckler Dunn, Esq._
MILDRED GECKLER DUNN
State Bar Number: 323373
**Attorney for Brandon Baldwin**

Federal Defender Program, Inc.
Suite 1500; Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
404/688-7530
millie_dunn@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA  DIVISION

UNITED STATES OF AMERICA    )
    )
       v.    )   CRIMINAL ACTION NO.
    )
BRANDON BALDWIN    )   1:17-cr-00276-ELR-JFK

CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated:  This 28th day of January, 2018.

*s/ Mildred Geckler Dunn, Esq.*
MILDRED GECKLER DUNN
State Bar Number: 323373
Attorney for Brandon Baldwin

Federal Defender Program, Inc.
Suite 1500; Centennial Tower
101 Marietta Street NW
Atlanta, Georgia  30303
404/688-7530