IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

BRANDON JERALD BALDWIN,

Defendant.

CRIMINAL CASE NO.

1:17-CR-00276-ELR-JFK

## REPORT AND RECOMMENDATION

Pending before the court are Defendant Brandon Baldwin's motions [Docs. 26 and 27] to dismiss the superseding indictment charging him with violation of 18 U.S.C. § 1038(a) for insufficiency and because § 1038, as applied to his conduct, is void for vagueness. After consideration of the arguments of the parties, presented both in the briefing on the motions and at oral argument, the court recommends that Defendant's motions be denied.

## I.     Procedural History

On August 15, 2017, the federal grand jury returned a one-count indictment charging Defendant with a violation of 18 U.S.C. § 1038(a). [Doc. 1]. Defendant filed a motion [Doc. 13] to dismiss the indictment returned on August 15, 2017. That motion was subsequently withdrawn after the Government returned to the grand jury

and obtained a superseding indictment on November 20, 2017, still charging in one-count a violation of § 1038(a), but amending the charging language.  [Doc. 19].  Thereafter, Defendant filed the two pending motions to dismiss the superseding indictment.  [Docs. 26 and 27].  Based on the charging language set forth in the superseding indictment, Defendant moved to dismiss the indictment as being insufficient under the Fifth and Sixth Amendments for a number of reasons having to do with alleged omissions from the indictment and, in the alternative, argued that the rule of lenity is applicable.  [Doc. 26 at 6-9].  Defendant also moved to dismiss the superseding indictment arguing that the § 1038(a) charge as applied to him was void for vagueness and, in the alternative, again argued that the rule of lenity is applicable. [Doc. 27].

In response to the motions to dismiss, while generally opposing the motions, the Government acknowledged that the superseding indictment did not fully track the elements of the offense charged and stated an intent to supersede the indictment.  [Doc. 30 at 11 & n.3].  In reply, among other arguments, Defendant contended that the superseding indictment also failed to provide sufficient notice regarding the subsection(s) being charged under 18 U.S.C. § 844(h), the predicate offense for the § 1038(a) violation.  [Doc. 31].  Based on the arguments of the parties, the court

2

determined that the motions to dismiss were not ripe for submission and allowed time for the Government to seek a second superseding indictment before holding oral argument on the motions to dismiss based on a second superseding indictment.[1] [Docket Entry dated 3/28/18].

The grand jury returned a second superseding indictment on April 17, 2018, the charging document now before the court. [Doc. 34]. Oral argument was held on April 27, 2018, at which, as will be discussed below, Defendant revised his arguments in support of the motions to dismiss to reflect the revisions made in charging § 1308(a). [Docs. 41 and 42].

## II.   Discussion

The second superseding indictment alleges:

On or about June 12, 2015, in the Northern District of Georgia, the defendant, BRANDON JERALD BALDWIN, did knowingly and intentionally convey false and misleading information under circumstances where such information may reasonably have been believed and that indicated that an activity would take place; that is, the Defendant, after having been previously convicted of a felony offense punishable by a term of imprisonment of more than one year, placed a hoax bomb near a residence with the intent to convey the false and

---

[1]The court advised Defendant and the Government that, in addition to the amendment to the indictment identified by the Government, the court agreed with Defendant that the Government should identify the subsection or subsections being relied on as the predicate offense within § 844(h).

misleading information that the device was a real explosive, and where the carrying of such an explosive device would have been a violation of Title 18, United States Code, Section 844(h), in connection with Title 26, United States Code, Sections 5861(a) and (d), and Title 18, United States Code, Section 922(g)(1); all in violation of Title 18, United States Code, Section 1038(a).

[Doc. 34 ("2nd Sup. Ind.")].

Section 1038(a) provides in pertinent part:

(1)  In general.-Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [certain enumerated predicate offenses] shall be [fined and/or imprisoned as set forth in the statute] . . . .

18 U.S.C. § 1308(a).[2]  One of the enumerated predicate offenses is 18 U.S.C. § 844(h)(2), the provision alleged in the second superseding indictment.  That statue provides in pertinent part:

(h) Whoever-

(2) carries an explosive device during the commission of any felony which may be prosecuted in a court of the United States,

including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall,

---

[2]The maximum punishment that Defendant is subject to for the charged offense in this case is five years.  <u>See</u> 18 U.S.C. § 1038(a)(1)(A).

4

in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years.

And the "any felony which may be prosecuted in a court of the United States" required to establish federal jurisdiction for a violation of § 844(h)(2) are specified in the indictment as 18 U.S.C. § 922(g), 26 U.S.C. § 5861(a) and 26 U.S.C. § 5861(d).[3] [2nd Sup. Ind.].

According to Defendant, three issues remain that pertain to the pending motions to dismiss:

> (1) "[T]he charge as stated in the indictment still does not state an offense because . . . Congress did not intend for [§ 844(h)(2)] to reach the three underlying predicates in a situation like this[,] the way the Government has charged this[,]" and also "that the Rule of Lenity would preclude that from being a reasonable belief that Congress meant . . . that somebody could get an extra ten years for carrying an explosive and the underlying crime is possessing or transporting or receiving the same explosive."

> (2) "[I]f Congress did intend the language to reach this particular situation, then it is void for vagueness[.]"

---

[3]Section 922(g)(1) makes it a federal felony offense to possess a firearm, explosive or other destructive device, in or affecting commerce if the individual has been convicted of a felony. 18 U.S.C. § 922(g)(1). Section 5861(a) makes it a federal felony offense to engage in the business of manufacturing, importing or dealing in firearms, which includes explosives, without paying the required tax or being registered, and subsection (d) makes it a federal felony offense to receive or possess a firearm, which includes explosive devices, which are not properly registered. 26 U.S.C. §§ 5861(a) and (d).

> (3) Even if incorrect regarding arguments (1) and (2), "the indictment as written . . . [is] still insufficient because it has to allege all of the elements of the offenses charged, not just pick and choose which ones [the Government] wants to put in there."

[Doc. 42 at 4-5].

### a.    Legal Authority Applicable to Motions to Dismiss

The Eleventh Circuit Court of Appeals stated the law regarding attacks on the sufficiency of an indictment:  "By now it has become well-established that '[t]he sufficiency of a criminal indictment is determined from its face.' . . .  'For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet.' . . . 'An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.'"  United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (citations omitted).  In resolving a pretrial motion to dismiss, the court is not determining whether the Government's evidence is sufficient to find Defendant Baldwin guilty of the charge in the indictment or whether the Government will carry its burden of proof at trial but only whether there is a legal infirmity or defect in the indictment.  See id. ("In ruling on a motion to dismiss for failure to state an offense,

6

a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes. . . .  It is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'") (citations omitted; emphasis in original); United States v. Plummer, 221 F.3d 1298, 1302 n.3 (11th Cir. 2000) (noting that the district court in ruling on the motion to dismiss the indictment for failure to state an offense improperly considered facts not alleged in the indictment when focus should have been on indictment itself).

As stated by the district court in United States v. Ferguson, 142 F. Supp. 2d 1350 (S.D. Fla. 2000):

> In criminal proceedings, there is no summary judgment mechanism. . . . "Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." . . .  This, of course, is because the resolution of factual questions is the sole province of the jury. . . .
>
> [T]he Court's review at this stage of the proceeding is very limited.  The Court may dismiss the case based upon: (1) a legal infirmity or defect in the charging instrument; or (2) a purely legal question, such as a determination that the statute is unconstitutional.  Any issues that require consideration of the facts underlying this prosecution, however, are not the proper subject of a pretrial motion to dismiss.

Id. at 1353-54 (citations omitted); see also United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("'There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.

. . .   The sufficiency of a criminal indictment is determined from its face.  The indictment is sufficient if it charges in the language of the statute.'") (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).

Additionally, with respect to Defendant's claim that the offense charged is constitutionally void, "[t]he void-for-vagueness doctrine requires that a penal statute 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'"  United States v. Marte, 356 F.3d 1336, 1342 (11th Cir. 2004).  "The vagueness doctrine was developed by the Supreme Court of the United States as a 'basic principle of due process.'"  United States v. Vaghela, 970 F. Supp. 1018, 1020 (M.D. Fla. 1997) (quoting Grayned v. City of Rockford, 92 S. Ct. 2294, 2298 (1972)).  "It requires a criminal statute to be 'sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violations.'"  Id. (quoting Boyce Motor Lines, Inc. v. United States, 72 S. Ct. 329, 330-31 (1952)).  Because Defendant does not challenge the statute at issue on First Amendment grounds, Defendant's claim of vagueness is evaluated only as the statute

8

is applied to his actions as charged in the indictment.  See United States v. Starks, 157 F.3d 833, 839 n.9 (11th Cir. 1998); Vaghela, 970 F. Supp. at 1021.

Finally, with respect to application of the rule of lenity, the Eleventh Circuit Court of Appeals recently affirmed, "'Ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor,' but '[n]aturally, the rule of lenity has no application when the statute is clear.'"  United States v. Hastie, 854 F.3d 1298, 1305 (11th Cir. 2017) (citation omitted); and see United States v. Puentes, 803 F.3d 597, 609-10 (11th Cir. 2015) ("The rule of lenity 'vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed.'") (citation omitted).  However, "'[t]he simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree.'"  Puentes, 803 F.3d at 610 (citation omitted).  The appellate court also affirmed that "'[t]he rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers.'"  Hastie, 854 F.3d at 1305 (citation omitted); and see Puentes, 803 F.3d at 610 ("the rule of lenity applies only if there is a 'grievous ambiguity or uncertainty in the statute'") (citation omitted).

Accordingly, the court will only reach Defendant's rule of lenity arguments if Defendant's arguments about pleading and the application of the predicate offenses specified in the second superseding indictment in this case are well-taken.

**b.    Sufficiency of Second Superseding Indictment**

Defendant contends that the second superseding indictment still fails to state an offense because "statutory elements" of "each of the crimes that the Government is charging must be in the indictment . . . ." [Doc. 42 at 6-7]. Defendant argues that each element of the predicate offenses identified as "any felony" within 18 U.S.C. § 844(h)(2), as alleged in the second superseding indictment, must be set forth. In other words, Defendant alleges that the Government has charged Defendant with not only violating § 1038(a) but with violating each predicate offense under § 844(h)(2) and that, therefore, all of the statutory elements of those crimes must also be alleged. [Id. at 7-11]. Defendant provided an exhibit delineating how he asserts the second superseding indictment should have alleged each of those predicate offenses. [Id., Exhibit 1]. Defendant concedes that the second superseding indictment now alleges all of the elements of the charged offense, § 1038(a). [Id. at 10].

10

Contrary to Defendant's arguments, he is only charged with one crime, a violation of § 1038(a), and that is the only crime for which the elements of the offense must be alleged in the indictment.  Section 1038(a) provides in pertinent part:

> (1)  In general.-Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [certain enumerated predicate offenses] shall be [fined and/or imprisoned as set forth in the statute] . . . .

18 U.S.C. § 1308(a).  The second superseding indictment satisfies the pleading requirements by alleging that Defendant "did knowingly and intentionally convey false and misleading information [(1)] under circumstances where such information may reasonably have been believed and [(2)] that indicated that an activity would take place" [2nd Sup. Ind.], and then described how each of those allegations was allegedly accomplished, (1) "the Defendant . . . placed a hoax bomb near a residence with the intent to convey the false and misleading information that the device was a real explosive, and [(2)] where the carrying of such an explosive device would have been a violation of Title 18, United States Code, Section 844(h), in connection with Title 26, United States Code, Sections 5861(a) and (d), and Title 18, United States Code, Section 922(g)(1) . . ." [Id.].

11

Both the Government and Defendant recognize that the subpart of the statute labeled (2) above is the "hook" or element of the § 1038(a) offense that provides federal jurisdiction [Doc. 7-9, 23-24] but disagree on what must be alleged and how the statute's first subpart labeled (1) above interacts with allegations in the second subpart [Id. at 9, 12-13, 22-24]. The court finds that to sufficiently state an offense under § 1038(a), the second superseding indictment need only identify the predicate offense, § 844(h)(2) along with the offense(s) under that statute that constitute "any felony," to state a claim.

Generally, the Eleventh Circuit Court of Appeals has held that "[p]redicate felonies do not need to be listed in the indictment so long as the defendant has actual notice of the charge." United States v. Odom, 252 F.3d 1289, 1298 (11th Cir. 2001) (rejecting the defendant's argument that the indictment was unconstitutionally vague because the § 844(h)(1) charge did not specify which predicate felony was used to violate that statute because the defendant had actual notice); and see United States v. Grace, 264 Fed. Appx. 780, 784 (11th Cir. 2008). In resolving Defendant's argument, "[a] distinction must be made between the elements of a [§ 1038(a)] charge, and what must be proven to establish each of those elements. Rule 7 requires only that the

12

former be set forth in the indictment with specificity." United States v. Weaver, 2010 WL 1633319, at *2 (S.D. W.V. April 20, 2010).

In Weaver, the court addressed and rejected the defendant's arguments that the indictment must allege the elements of the predicate acts that establish the racketeering activity element of 18 U.S.C. § 1962(c) ("RICO") or of the predicate crime of violence element of 18 U.S.C. § 1959 ("VICAR"). The court held that the "elements of the predicate acts are not themselves elements of the RICO or VICAR charge. Therefore, the elements of the predicate acts need not be specifically alleged in the indictment, notwithstanding that they must be proved at trial." 2010 WL 1633319, at *2. And the court found that the defendant had adequate notice of the charged RICO and VICAR crimes because the indictment set forth "the citations [in the indictment] to the underlying statutes allegedly violated[.]" Id., at *3. Likewise, in United States v. Mullen, 450 F. Supp. 2d 212 (W.D. N.Y. 2006), the district court rejected the defendant's argument that the indictment must specifically allege the elements of each of the offenses allegedly constituting the "continuing series" element for "a charge of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(1) [("CCE")]." Id. at 215. The court held that the defendant's contention "that the specific elements of each predicate offense for § 848(c) purposes must also be pleaded

with specificity to satisfy the requirements of the Grand Jury Clause, is without authority" and that the indictment sufficiently plead a § 848 violation by listing the statutory citations to the predicate offenses.  Id. at 217.

In this case, Defendant has presented no authority supporting the argument that to sufficiently plead a § 1038(a) violation or, for that matter, to sufficiently plead a § 844(h)(2) violation, the elements of the predicate offenses must be set forth.  See Mullen, 450 F. Supp. 2d at 217 ("Defendant's effort to import pleading requirements for conspiracy charges under § 846 into those applicable to a CCE charge are unavailing.").  And Defendant clearly has the requisite notice of the "any felony" within § 844(h)(2) being relied by the Government and which the Government must prove at trial. [Doc. 42, Exhibit 1]. See Sharpe, 438 F.3d at 1263 ("'For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet.'") (citation omitted).

### c.    Failure to State a Crime and Void for Vagueness

Because the arguments are interwoven, the court will address whether the second superseding indictment states a § 1038(a) offense and, if so, whether as applied to Defendant, the charged offense is void for vagueness.  Defendant argues that the

14

second superseding indictment fails to state a crime because, under the facts alleged,

§ 844(h)(2) cannot provide the necessary federal jurisdictional nexus and that, if a

federal offense is stated, the charged offense is void for vagueness. [Doc. 42 at 11-20,

33-36]. Specifically, Defendant contends that § 844(h)(2), carrying an explosive

device during the commission of any felony, cannot be used to provide the federal

jurisdictional nexus when the "any felony" is either the possessory offense found in

18 U.S.C. § 922(g) (felon in possession of a firearm/explosive device) or in 26 U.S.C.

§ 5861(d) (receiving or possessing an unregistered firearm/explosive device).[4] [Doc.

42 at 11-12, 16-17]. Although the court's role in resolving the motions to dismiss is

not to determine whether the facts as alleged in the indictment or as proffered by either

the Government or Defendant are sufficient for a finding of guilt (the issue to be

resolved by the jury at trial, see Sharpe, 438 F.3d at 1263), the factual background

resulting in the filing of the pending § 1038(a) charge will assist in understanding

Defendant's arguments and the Government's response.

---

[4]Defendant concedes that 26 U.S.C. § 5861(a), engaging in the business of manufacturing or importing or dealing in explosives, can properly be alleged as the "any felony" under § 844(h)(2) to state a § 1038(a) offense, because the predicate offense requires proof of conduct beyond mere possession of the device, and that whether the facts at trial will support that allegation is a Fed. R. Cr. P. 29 issue and not a matter to be resolved pretrial. [Doc. 42 at 15-16].

AO 72A
(Rev.8/82)

On June 11, 2015, the next-door neighbor saw what he thought was a shoe box in the bushes at 1459 Adele Avenue and removed the box from the bushes and placed it on the ground without incident.  There were no calls to the police to report a bomb. [Doc. 26 at 1-2].  On June 12, 2015, a real estate broker working at 1459 Adele Avenue called Atlanta 911 Call Center to report that he found a suspicious package he believed to be a bomb.  He described the package, located near the residence, as a "taped-up" box with a flashing light, exposed wires and a cell phone.  He also stated that he did not "know if it's a bomb or what" and that "I don't know what it is."  [Id. at 2; Doc. 30 at 1].  The 911 operator instructed the caller to stay away from the box and dispatched an officer to the scene.  [Doc. 30 at 1].  The responding officer observed the package which had tape around it, a flashing light and a cord coming from a nearby bush.  The officer moved away from the package and called SWAT, Homeland Security and the Canine Unit.  As he was instructing residents on the block to evacuate, the next-door neighbor advised the officer that he had moved the package. [Id. at 2; Doc. 26 at 2].  A bomb technician used a robot to approach the package and to render the package safe by dismantling it.  [Id.].  The parts were submitted to the FBI laboratory for analysis.  The examiner concluded that the item was a hoax bomb device.  [Doc. 30 at 2 & n.1].

16

Based on fingerprints found on the device, Defendant was identified as a suspect and interviewed by the FBI on April 7, 2017, when he was located in DeSoto, Texas. When asked about the device found on Adele Avenue, Defendant admitted that he made it (a remote controlled car carrying fireworks with a cell phone to set them off) and that he intended to use the device to scare drug dealers.  [Id. at 2-3; Doc. 26 at 2]. However, Defendant said the device did not work, and he removed the fireworks and manually set them off.  He dumped what remained of the device and the cell phone in some bushes at 1459 Adele Avenue where he used to live and was visiting a former neighbor.  [Doc. 26 at 2].[5]

Defendant focuses his arguments on § 922(g) and § 5861(d) being used as the "any felony" to establish a violation of § 844(h)(2).  Although a violation of § 1038(a), the crime charged in the indictment, carries only a five year maximum sentence under the facts of this case and, therefore, limits Defendant's possible sentence for the charged offense, Defendant nonetheless argues that if he had actually carried a destructive device and been charged with a violation of § 844(h)(2), then Congress

---

[5]The court recognizes that Defendant will argue additional facts to support a non-guilty finding; however, neither the issue of Defendant's ultimate guilt or innocence nor what inferences are arguably drawn from the proffered facts are matters to be resolved on the pretrial motions to dismiss.  See Ferguson, 142 F. Supp. 2d at 1353-54.

17

could not have intended that "any felony" for that violation included the predicate offenses § 922(g) or § 5861(d) because he would be subject to a sentence of ten years in addition to any sentence imposed on a separate § 922(g) or § 5861(d) conviction for committing only one act - carrying or possessing the destructive device. [Doc. 42 at 10-11, 16]. Accepting Defendant's basis for analyzing whether, under these facts, § 844(h)(2) can establish the federal jurisdictional basis for the § 1038(a) charge, the court does not find his arguments persuasive.[6]

Nothing in the language of § 844(h) indicates that Congress placed any restriction on the "any felony" that may be used to provide federal jurisdiction for § 844(h). See McAuliffe v. United States, 2009 WL 1928547, at *21 (S.D. Ohio July

---

[6]Defendant relies on United States v. Strickland, 261 F.3d 1271 (11th Cir. 2001), to argue that the Eleventh Circuit Court of Appeals held that 26 U.S.C. § 5861(d) cannot be the predicate act for a § 844(h)(2) violation. For that reason, at oral argument, he focused his argument on § 922(g). [Doc. 42 at 13-15]. In Strickland, the defendant was charged, inter alia, with the knowing possession of an unregistered destructive device in violation of § 5861(d) and knowingly carrying an explosive device during commission of the crime of possessing an unregistered destructive device in violation of § 844(h)(2). 261 F.3d at 1272. The defendant contended on appeal that the charge of "carrying an explosive while possessing an unregistered destructive device in violation of § 844(h)(2), does not state an offense." Id. at 1272 n.3. The appellate court did not address the defendant's argument nor discuss whether an offense was stated because the "Government concede[d] that [the count] does not state an offense . . . ." Id. There is no explanation for the Government's position in Strickland, and the court finds that the appellate court vacating the conviction on the § 844(h)(2) count should not be construed as binding precedent.

18

2, 2009) ("a violation of § 844(h) must necessarily be based on an underlying crime that is properly within federal jurisdiction").  In <u>United States v. Wildes</u>, 120 F.3d 468 (4th Cir. 1997), the Fourth Circuit Court of Appeals found that the statutory language in § 844(h)(1), "'uses fire . . . to commit any felony' is clear and unambiguous and . . . accord[ed] this language its 'ordinary, contemporary, and common meaning.'"  <u>Id.</u> at 470 (citations omitted).  The similar language before the court, "carries an explosive device during the commission of any felony[,]" 18 U.S.C. § 844(h)(2), is likewise unambiguous.  As the court stated in <u>Wildes</u>, "'any' is a term of great breadth" and when "[r]ead naturally, the word, any, has an expansive meaning, that is, one or some indiscriminately of whatever kind."  120 F.3d at 470.  "Likewise, the term 'felony' is an inclusive term meaning essentially an offense of any kind that is punishable by a term of imprisonment for more than one year."  <u>Id.</u>  As the court concluded in <u>Wildes</u>, this court finds that there is "no basis in the text of 844(h)[(2)] for attaching a narrow meaning to the phrase 'any felony' or for limiting it to some subset of federal felonies."  <u>Id.</u>  Congress could have limited the chosen phrase, as Defendant Baldwin argues, by exempting the possessory type felonies specified in this case, but did not;

19

"[i]nstead, Congress employed broad language that [this court is] not free to disregard." Id.[7]

Contrary to Defendant's argument, the clear and unambiguous language of the statute provides for the type of potential cumulative punishment that Defendant contends prevents relying on § 844(h)(2) for federal jurisdiction in this case. Section 844(h)(2) states "[w]hoever . . . carries an explosive device during the commission of any felony which may be prosecuted in a court of the United States . . ., shall, *in addition to the punishment provided for such felony*, be sentenced to imprisonment for 10 years." 18 U.S.C. § 844(h)(2) (emphasis added). Congress intended to apply cumulative punishments for carrying the explosive device and for the "any felony" committed during that offense. In Strickland, the Eleventh Circuit Court of Appeals discussed cumulative punishments under similar circumstances involving a violation of 18 U.S.C. § 924(c). The appellate court rejected the defendant's argument that

---

[7]Although not challenged on the grounds raised herein, in United States v. Colon Osorio, 360 F.3d 48 (1st Cir. 2004), the defendant was arrested for being armed and carrying an explosive device. Id. at 49. He was convicted "of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), with an obliterated serial number, see 18 U.S.C. § 922(k), and carrying an explosive device during his felonious possession offenses, see 18 U.S.C. §§ 844(h)(2), (j), and 232(5)." Id. The defendant was sentenced to concurrent 24-month sentences on the two possession counts and a consecutive 120-month sentence on the carrying charge. Id.

20

being convicted and sentenced on the remaining charges in the indictment, possession of a pipe bomb having been convicted of a felony, 18 U.S.C. § 922(g), transporting the same explosive materials in interstate commerce, 18 U.S.C. § 844(d), and knowingly using and carrying the same explosive during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1), violated the Double Jeopardy Clause. Focusing on § 924(c)(1), the court noted that the statute "expressly provides that the punishments imposed for 'use of a deadly or dangerous weapon or device' shall be 'in addition to the punishment provided for [the predicate] crime of violence.'"   261 F.3d at 1274 (citation not provided).  The court stated, "Where a legislature specifically mandates cumulative punishments under two statutes, regardless of whether those two statutes proscribe the same course of conduct, the trial court must impose cumulative punishment." Id. (listing other cases concurring in result and imposing "consecutive sentences for section 924(c) violations where the predicate offense involved the same prohibited firearm or destructive device").  The unambiguous language in § 844(h), likewise, mandates cumulative punishments, with no exception culled out for predicate offenses that involve the same explosive device.  See Williams v. Singletary, 78 F.3d 1510, 1512 (11th Cir. 1996) ("The Double Jeopardy Clause does not prohibit cumulative punishments for a single incidence of criminal behavior when the legislature clearly

21

intends to prescribe cumulative punishments. . . .  'With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.") (citation omitted).

Defendant offers a number of arguments as to why, if this was the intent of Congress, the charged § 1038(a) offense as applied to him is void for vagueness.  As noted, "[t]he void-for-vagueness doctrine requires that a penal statute 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'"  Marte, 356 F.3d at 1342.  In this case, the claim of vagueness is evaluated only as the statute is applied to Defendant's actions as charged in the indictment.  See Starks, 157 F.3d at 839 n.9; United States v. Brahm, 520 F. Supp. 2d 619, 623 (D. N.J. 2007) ("A defendant may only bring a claim for vagueness against a criminal statute if the defendant's conduct was arguably outside the scope of the statute") (discussing void for vagueness attack against § 1038(a) charge).  Defendant contends that, as charged and applied to his conduct, he could not know that his actions violated a federal statute, particularly focusing on the federal jurisdictional nexus alleged in the second superseding indictment.  [Doc. 12- 13, 17-20, 31-36].

22

"Section 1038 was designed to prevent and punish phony bomb threats and other such hoaxes where no real threat existed, but law enforcement time and effort would be needlessly (and intentionally) sidetracked into looking for nonexistent weapons and fictitious imminent threats." Brahm, 520 F. Supp. 2d at 626-27 ("The statute expressly forbids conduct performed with an 'intent to convey false or misleading information.'") (citation omitted). Accordingly, "Section 1038 plainly states that 'any conduct' that could result in a hoax being 'reasonably believed' is the predicate for criminal penalties." Id. at 624. That language is not vague.

In this case, the second superseding indictment alleges that Defendant "knowingly and intentionally convey[ed] false and misleading information under circumstances where such information may reasonably have been believed[,]" that is, Defendant allegedly "placed a hoax bomb near a residence with the intent to convey the false and misleading information that the device was a real explosive[.]" [2nd Sup. Ind.]. And the Government's proffer of facts arguably fall within the scope of § 1038(a). Defendant admitted building a device, a remote controlled car carrying fireworks with a cell phone to set them off, and that he intended to use the device to scare drug dealers. [Doc. 30 at 2-3; Doc. 26 at 2]. Further, a person observing the device called Atlanta 911 to report finding a suspicious package he believed to be a

23

bomb and describing the package as a "taped-up" box with a flashing light, exposed wires and a cell phone. He also stated that he did not "know if it's a bomb or what" and that "I don't know what it is." [Doc. 26 at 2; Doc. 30 at 1]. The responding police office observed the package and called SWAT, Homeland Security and the Canine Unit. [Id. at 2; Doc. 26 at 2]. A bomb technician used a robot to approach the package and to render the package safe by dismantling it. [Id.]. The parts were submitted to the FBI laboratory for analysis. The examiner concluded that the item was a hoax bomb device. [Doc. 30 at 2 & n.1]. "Whether [Defendant's conduct] was, indeed, made 'under circumstances where such information may reasonably be believed' is ultimately a question for the jury, but this phrasing is not impermissibly vague when applied to his conduct." Brahm, 520 F. Supp. 2d at 624; and see United States v. Santiago, 2016 WL 750297, at *3 (S.D. N.Y. February 22, 2016) ("for 18 U.S.C. § 1038(a) . . . it is a question for the jury whether a defendant engaged in conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that a" destructive device had been carried). And Defendant misconstrues the statute's federal jurisdictional nexus regarding Defendant's intent and knowledge and regarding the construction of the statute vis-a-vie the observing person's reasonable belief.

24

Defendant's construction of § 1038(a) is wrong and that misinterpretation undermines his void for vagueness argument.  Defendant argues that the language of the statute requires proof that he intended not only to convey false and misleading information but that intended that a reasonable person believe such information and that he intended, or at least that, a reasonable person believe such information established the predicate offense charged, that is, § 844(h)(2).  [Doc. 42 at 12-13, 34-35].  With respect to Defendant's intent, the court finds persuasive the Ninth Circuit Court of Appeals analysis of § 1038(a) in United States v. Castagana, 604 F.3d 1160 (9th Cir. 2010), when confronted with a similar argument.  In that case, the defendant argued that the jury should have been instructed, in order to convict, that "it must find beyond a reasonable doubt not only that Castagana intended to convey false or misleading information, but also that: the defendant intended that a reasonable person could believe the information."  Id. at 1162-63.  The defendant also argued that the jury should have been instructed "that the defendant intended that a reasonable person could believe that the information indicated that an activity had taken, was taking, or would take place that if true would constitute a violation [of antiterrorism statutes]."  Id. at 1163.  Rejecting the defendant's argument that the statute was vague with regard to the scienter requirement, the court found that the defendant's subjective intent, that

25

is, to knowingly convey false and misleading information, only applied to the first part of the statute: "with intent to convey false or misleading information[.]"  Id.  The court found that the second part of the statute applies an objective standard to the language "under circumstances where such information may reasonably be believed" and "where such information indicates that [the predicate crime] has taken, is taking or will take place."  Id. (citation and internal quotation marks omitted).  Thus, the "such information" phrase in the statute is applied objectively requiring no additional proof of a defendant's intent.  See Castagana, 604 F.3d at 1164 ("The issue is not whether the criminal intended to physically harm the victims of the hoax, *but whether the victims reasonably believed they were harmed*.") (citation and internal quotation marks omitted; emphasis provided by appellate court); and see Brahm, 520 F. Supp. 2d at 629 (applying an objective standard to the term "reasonable" in § 1038(a)).

Additionally, while the phrase "such information" is used in both sections of the objectively analyzed second part of the statute, the phrase "may reasonably be believed" is absent from the last section of the statute which establishes the federal jurisdictional nexus.  Section 1038(a) is properly read based on the allegations in this case as:  "Whoever engages in any conduct[,]" placing the hoax destructive device, "with intent to convey false or misleading information[,]" that the device was an

26

explosive, (1) "under circumstances where such information[,]" that the device was an explosive, "may reasonably be believed" and (2) "where such information[,]" that the device was an explosive, "indicates that an activity has taken, is taking, or will take place that would constitute a violation of [18 U.S.C. § 844(h)(2)] . . . ."[8]  The plain language of the statute does not require proof that a reasonable person believed facts establishing federal jurisdictional nexus, for example, that the person placing the hoax device was a convicted felon at the time he possessed the device and that the device affected interstate commerce.  And as discussed next, such a construction of the statute

---

[8]Although the court in Castagana, when discussing the defendant's argument regarding intent, appeared to conflate the last two sections of the second part of § 1038(a) in stating that, "[w]hether the circumstances were such that Castagana's victims or other observers may reasonably have believed his statements to indicate terrorist activity is a question wholly independent of Castagana's intentions[,]" 604 F.3d at 1163, the court does not find that this phrasing supports Defendant Baldwin's argument.  The Ninth Circuit was not asked to specifically resolve the issue before this court.  Such a construction of the statute is contrary to Supreme Court and Eleventh Circuit decisions addressing jurisdictional elements of federal crimes, as discussed *infra*, and would be, in fact, contrary to the Ninth Circuit's similar approach for proving jurisdictional elements of criminal offenses.  See, e.g., United States v. Backman, 817 F.3d 662, 667 (9th Cir. 2016) ("The longstanding presumption is that the jurisdictional element of a criminal statute has no mens rea."); United States v. Jinian, 725 F.3d 954, 965-66 (9th Cir. 2013) (for a conviction under 18 U.S.C. § 1343, finding that, if the fact that confers federal jurisdiction is established, then the government does not have to prove either that the defendant knew about the interstate nexus impact of his actions or that the interstate nature of the conduct was reasonably likely or foreseeable).

27

would strain well-established precedent regarding proof of facts used to establish federal jurisdiction.

In this regard, Defendant also argues that the statute is void for vagueness because he was not on notice that just because he was a convicted felon he was subject to a federal prosecution for his actions. This argument is incorrect for the same reasons § 1038(a) does not require that a "reasonable person" believe that the facts establish violation of the predicate crime or the elements establishing federal jurisdiction. Although intent or knowledge is a basic principle for a finding of guilt, see Elonis v. United States, 135 S. Ct. 2001, 2009 (2015) ("a defendant must be 'blameworthy in mind' before he can be found guilty") (citation omitted), Supreme Court "cases have explained that a defendant generally must 'know the facts that make his conduct fit the definition of the offense,' . . . even if he does not know that those facts give rise to a crime[,]" Id. (a defendant does not have to "know that his conduct is illegal before he may be found guilty"). Furthermore, a defendant's knowledge of the fact(s) that establish federal jurisdiction is not part of proof of a federal offense. See, e.g., United States v. Rehaif, 888 F.3d 1138, 1144 (11th Cir. 2018) ("the existence of [a] fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act") (citation and internal quotation marks omitted); United

28

States v. Myers, 430 Fed. Appx. 812, 815-16 (11th Cir. 2011) (same). Additionally, the

court in Rehaif rejected that defendant's argument that to prove a violation of § 922(g)

the Government had to establish that he knew he was a convicted felon at the time he

possessed the firearm.  888 F.3d at 1144-47.  The court found that no precedent

requires proof "that the defendant knew *his own status*, even when this status is what

brings the defendant within the ambit of a criminal law."  Id. at 1146-47 (emphasis in

original).[9]

Just as facts that establish the jurisdictional elements of a federal offense do not

require proof of a defendant's knowledge, nothing in the language of § 1038(a) can be

read to input requiring such proof on behalf of some reasonable third person.  As the

---

[9]And the Supreme Court's decision in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), cited by Defendant, does not require a different result.  See Rehaif, 888 F.3d at 1146-47 (distinguishing Flores-Figueroa as applying "knowingly" to elements of an offense "that concern the characteristics of *other people* and *things*") (emphasis in original); Myers, 430 Fed. Appx. at 816 ("The element at issue in Flores-Figueroa was a substantive element of the crime.  Flores-Figueroa did not address jurisdictional elements, such as interstate commerce."); United States v. Coney, 349 Fed. Appx. 497, 498 (11th Cir. 2009) (distinguishing Flores-Figueroa as not analyzing a conviction under § 922(g)(1)); and see Castagana, 604 F.3d at 1165-66 (distinguishing Flores-Figueroa from the application of a defendant's intent to support a conviction under § 1038(a)).  The court in Castagana also distinguished cases applying intent for a finding of guilt for charges brought pursuant to 18 U.S.C. § 35(b) - a statute relied by Defendant to support his argument on intent.  See 604 F.3d at 1164-65.

Government argues, the language, "where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [certain enumerated predicate offenses] . . .[,]" 18 U.S.C. § 1038(a), provides the federal jurisdictional element for § 1038(a). [Doc. 42 at 22-24].  While the Government must prove facts that establish such jurisdiction, Defendant's knowledge or a third party's knowledge of the existence of those facts is not required.  The statute is not void for vagueness when well-established guidelines for pleading and proving the elements of the jurisdictional basis for a federal crime is applied to § 1038(a).

> ### d.    Rule of Lenity

The court finds that the second superseding indictment pleads all of the elements of 18 U.S.C. § 1038(a) and that § 1038(a) as applied to Defendant's conduct is not void for vagueness.  Accordingly, Defendant's arguments regarding the rule of lenity will not be addressed.  See Puentes, 803 F.3d at 610 ("the rule of lenity applies only if there is a 'grievous ambiguity or uncertainty in the statute'") (citation omitted).

## III.   Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motions [Docs. 26 and 27] as revised at oral argument [Doc. 42] to dismiss the second superseding indictment be **DENIED**.

30

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO RECOMMENDED AND ORDERED** this 30th day of May, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

31