# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 1:17-CR-00276-ELR |
| | * | |
| BRANDON JERALD BALDWIN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

This case is before the Court on Magistrate Judge Janet F. King's Report and Recommendation ("R&R") [Doc. 43] to deny Defendant's motions [Docs. 26, 27] as revised at oral argument [Docs. 41, 42] to dismiss the second superseding indictment [Doc. 34]. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc. 49]. For the reasons set forth below, the Court overrules Defendant's objections and adopts the R&R.

## I. Procedural History

On August 15, 2017 a grand jury returned a one-count indictment charging Defendant with a violation of 18 U.S.C. § 1038(a). [Doc. 1]. Defendant filed a motion to dismiss the indictment [Doc. 13], but withdrew the motion after the Government obtained a superseding indictment on November 20, 2017 [Doc. 19].

The superseding indictment retained the 18 U.S.C. § 1038(a) charge, but amended the original charging language. Defendant subsequently filed motions to dismiss the superseding indictment. [Docs. 26, 27]. Defendant contended that the superseding indictment was insufficient to satisfy the Fifth and Sixth Amendments because the indictment allegedly failed to apprise the Defendant of the charges against him and also failed to establish this Court's jurisdiction. [Doc. 26 at 6-9]. Defendant also contended that 18 U.S.C. § 1038(a), as applied to his case, was void for vagueness and that, in the alternative, the rule of lenity ought to be applied to his case. [Doc. 27 at 3, 6].

During disputes over the motions to dismiss, the Government conceded that the superseding indictment did not sufficiently track the language of 18 U.S.C. § 1038(a) and the Government notified the Magistrate Court that they intended to obtain a second superseding indictment. [Doc. 30 at 11, n.3]. The Magistrate Court, in agreement with the Defendant, advised both Defendant and the Government that the second superseding indictment also ought to include which subsection(s) the Government would rely upon in the predicate offense to 18 U.S.C. § 1038(a), 18 U.S.C. § 844(h). [Doc. 43 at 3, n.1].

On April 17, 2018, a grand jury returned a second superseding indictment charging the Defendant with a violation of 18 U.S.C. § 1038(a). [Doc. 34]. After hearing oral argument on April 27, 2018, at which Defendant revised his arguments

in support of his motions to dismiss [Docs. 41, 42], the Magistrate Court filed an R&R that recommends denying Defendant's motions to dismiss as revised at oral argument [Doc. 43 at 30]. After requesting, and receiving, multiple extensions of time to file objections to the R&R,[1] Defendant filed objections that dispute the findings of the R&R in four discernible ways. [Doc. 49]. The objections are discussed below.

## II. Legal Standard

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.). If there are no specific objections made to

---

[1] On June 14, 2018, the Court issued an Order [Doc. 47] granting what the Court construed as Defendant's Consent Motion for an Extension of Time to file a brief objecting to the R&R [Doc. 46]. The Court gave Defendant until June 28, 2018 to file his objections. [Doc. 47]. On June 28, 2018, Defendant filed an additional Consent Motion for an Extension of Time to file objections. [Doc. 48]. The Court hereby **GRANTS** Defendant's additional Consent Motion for an Extension of Time [Doc. 48].

3

factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### III. Discussion

After conducting a *de novo* review of the portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for clear error, the Court finds that Magistrate Judge King's findings and legal conclusions are correct. The R&R found that the second superseding indictment was sufficient and that there was no basis to dismiss it. Defendant objects to these findings on four counts.

First, Defendant claims that the indictment was insufficient because it failed to "allege each of the essential elements of the offense, as required by Due Process." [Doc. 49 at 1]. This objection is without merit. Defendant is charged with a violation of 18 U.S.C. § 1038(a), which prohibits:

4

[Engaging] in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [certain statutorily listed offenses].

18 U.S.C. § 1038(a). The would-be violation required by 18 U.S.C. § 1038(a) is identified in the indictment as a violation of 18 U.S.C. § 844(h)(2). [Doc. 34]. A violation of 18 U.S.C. § 844(h)(2) requires that a defendant carries an explosive during the commission of "any felony which may be prosecuted in a court of the United States." 18 U.S.C. § 844(h)(2). The indictment identifies either 18 U.S.C. § 922(g), 26 U.S.C. § 5861(a), or 26 U.S.C. § 5861(d) as the felony required by 18 U.S.C. § 844(h)(2). [Doc. 34]. Defendant does not contend that the indictment fails to state the elements and alleged supporting facts for a violation of 18 U.S.C. § 1038(a), but rather contends that the indictment is insufficient because it fails to give the elements of 18 U.S.C. § 844(h)(2) and the elements of its predicate offense(s), either 18 U.S.C. § 922(g), 26 U.S.C. § 5861(a), or 26 U.S.C. § 5861(d). [Doc. 49 at 4-5].

Though the Government would have to prove the elements of 18 U.S.C. § 844(h)(2), and its predicate offense(s), to convict Defendant of a violation of 18 U.S.C. § 1038(a), the indictment need not state with particularity the elements of 18 U.S.C. § 844(h)(2) and its predicate offense(s). "Predicate felonies do not need to be listed in the indictment so long as the defendant has actual notice of the charge."

United States v. Odom, 252 F.3d 1289, 1298 (11th Cir. 2001) (citing United States v. Lehder-Rivas, 955 F.2d 1510, 1519 (11th Cir.1992)). The indictment sufficiently states the elements of a violation of 18 U.S.C. § 1038(a), which is the charge brought against Defendant. Moreover, the indictment states which predicate felonies the alleged violation of 18 U.S.C. § 1038(a) is based upon. The indictment provides Defendant the actual notice of the charges against him and allows Defendant to mount a defense to those charges, as required by Due Process. Id.

Defendant's second objection is that the indictment fails to state a crime. [Doc. 49 at 12]. Defendant gives two reasons for this objection; both are meritless. First, Defendant contends that 18 U.S.C. § 844(h)(2), with the predicate felony of 18 U.S.C. § 922(g), cannot serve as a predicate offense to 18 U.S.C. § 1038(a). This contention is based on United States v. Strickland, which states in pertinent part: "The Government concedes that [the §§ 844(h)(2) - 922(g) charge] does not state an offense and, accordingly, the . . . conviction is vacated." United States v. Strickland, 261 F.3d 1271, 1272 n.3 (11th Cir. 2001). This Court will not speculate as to the Eleventh Circuit's reason in vacating the conviction when the Eleventh Circuit gave no reason for doing so. Further, this Court will not hold that 18 U.S.C. § 922(g) cannot serve as a predicate offense to 18 U.S.C. § 844(h)(2) when 18 U.S.C. § 844(h)(2) says "*any* felony" can serve as its predicate offense and the Eleventh

Circuit gave no guidance in <u>Strickland</u> as to when, if ever, this Court ought to contravene the broad language of 18 U.S.C. § 844(h)(2).

Second, Defendant contends that a "common sense" reading of the statutes reveals that it would be "ridiculous" to allow 18 U.S.C. § 922(g), 26 U.S.C. § 5861(a), or 26 U.S.C. § 5861(d) to serve as predicate offenses to 18 U.S.C. § 844(h)(2). This is a baseless assertion and, in fact, because 18 U.S.C. § 844(h)(2) uses the word "any" to denote which felonies can serve as its predicate offenses, the Court is compelled to find that 18 U.S.C. § 922(g), 26 U.S.C. § 5861(a), and 26 U.S.C. § 5861(d) *can* serve as predicate offenses to 18 U.S.C. § 844(h)(2).

Defendant's third objection is that 18 U.S.C. § 1038(a), and its predicate offense 18 U.S.C. § 844(h)(2), are void for vagueness as applied to his case. [Doc. 49 at 14-15]. This objection is without merit. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." <u>Kolender v. Lawson</u>, 461 U.S. 352, 357 (1983). Even when evaluated through the context of this case, the Court finds that neither the language nor the application of 18 U.S.C. § 1038(a) and 18 U.S.C. § 844(h)(2) are so ambiguous that a person of ordinary intelligence cannot understand what the statutes prescribe. The Court further finds that the statutes

7

provide sufficient guidance so as not to encourage "arbitrary and discriminatory enforcement."

Finally, Defendant objects by asserting that the rule of lenity ought to be applied throughout this case [Doc. 49 at 17]. "[T]he rule of lenity applies only if there is a 'grievous ambiguity or uncertainty in the statute.'" United States v. Puentes, 803 F.3d 597, 610 (11th Cir. 2015) (quoting Muscarello v. United States, 524 U.S. 125, 138 (1998)). As mentioned above, the Court finds that the statutes in question are neither ambiguous nor uncertain in application. Accordingly, it would be inappropriate to apply the rule of lenity.

**IV.  Conclusion**

Accordingly, the Court **OVERRULES** Defendant's objections [Doc. 49] and **ADOPTS** the R&R [Doc. 43] as the opinion of this Court. For the reasons stated in the R&R, the Court **DENIES** Defendant's motions [Docs. 26, 27] as revised at oral argument [Docs. 41, 42] to dismiss the second superseding indictment.

**SO ORDERED**, this 12th day of July, 2018.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

8